# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JULIAN EZRA WILLIAMS,<br><br>  Petitioner,<br><br>  v.<br><br>THERESA DAVIS, Director of the<br>Delaware Psychiatric Center, and<br>ATTORNEY GENERAL OF THE<br>STATE OF DELAWARE,<br><br>  Respondents. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 25-292 (GBW)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM ORDER**

*Pro se* Petitioner Julian Ezra Williams filed a document titled "Petition for a Writ of Habeas Corpus." (D.I. 1) According to the Petition and Delaware Superior Court Order attached thereto, Williams appears to be a pre-trial detainee who was transferred from the Howard R. Young Correctional Institution to the Delaware Psychiatric Center. (D.I. 1 at 1; D.I. 1-1 at 2) The Superior Court Order directed the transfer to allow Williams to be treated while his competency to stand trial and represent himself is assessed. (D.I. 1-1 at 1-3) In his Petition, Williams seeks to have the Court "test the validity of the order in which petitioner is being held." (D.I. 1 at 1) Williams appears to question whether the order has "the signature or backing of any mental health doctor to support any fact of the petitioner being deemed incompetent or not stable," as well as the motives of the public defender and

Superior Court Judge. (D.I. 1 at 2) The Petition is captioned "In the United States District Court of Delaware in and for Newcastle County," references both Delaware and federal law, and explicitly cites 10 Del. C. § 6902 as a basis for jurisdiction. (D.I. 1) Williams seeks "immediate release from custody" and "damages awarded by the courts for unlawful detention." (D.I. 1 at 3)

It is not entirely clear whether the Petition was intended for federal or state court. However, the Court is obligated to liberally construe a document filed by a *pro se* prisoner. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Given the Petition is captioned for "the United States District Court of Delaware" and references federal law, the Court construes the Petition as intended for federal court. Nevertheless, the Court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] A federal district court can only entertain a habeas petition brought pursuant to 28 U.S.C. § 2254 "in behalf of a person in custody pursuant to the *judgment* of a State court." 28 U.S.C. § 2254(a) (emphasis added). Although a state prisoner can challenge his pre-trial custody on speedy trial grounds pursuant to 28 U.S.C. § 2241, a federal court cannot provide habeas review

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases provides that the Court may also apply these rules to habeas corpus petitions brought pursuant to 28 U.S.C. § 2241.

for pre-trial claims if the petitioner is trying to abort his state criminal proceeding or disrupt the orderly functioning of state judicial processes because such adjudication would constitute premature litigation of constitutional defenses in federal court. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-93 (1973); *Moore v. DeYoung*, 515 F.2d 437 (3d Cir. 1975).

After reviewing the instant Petition, the Court concludes that summary dismissal is appropriate because: (1) to the extent Williams filed his petition pursuant to 28 U.S.C. § 2254, Williams is not in custody pursuant to a state court judgment, as there has not yet been a conviction or sentencing; (2) to the extent Williams filed his petition pursuant to 28 U.S.C. § 2241 and is asking the Court to grant his "immediate release" from custody, that request is an impermissible attempt to abort a state criminal proceeding or disrupt the orderly functioning of state judicial processes; (3) to the extent Williams is seeking relief under Delaware state laws, such claims are not cognizable in federal habeas actions, *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (reemphasizing that federal habeas court is limited to deciding issues of federal law); and (4) to the extent Williams seeks monetary damages or is challenging state administrative or healthcare procedures or conditions related to confinement, those claims are not properly brought in a habeas proceeding, but rather, they must be brought in an action under 42 U.S.C. § 1983. *See Hartmann v.*

*May*, C.A. No. 20-33 (MN), 2021 WL 4207207, at *2 (D. Del. Sept. 16, 2021) (citing *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).

**NOW THEREFORE**, at Wilmington, on this 11th day of July 2025, **IT IS HEREBY ORDERED** that:

1. Petitioner Julian Ezra Williams' Petition for a Writ of Habeas Corpus (D.I. 1) is **SUMMARILY DISMISSED**.

2. The Court declines to issue a certificate of appealability because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

3. The Clerk of the Court shall close the case.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE